<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 97-1606

            UNITED STATES OF AMERICA FOR THE USE AND
           BENEFIT OF ELECTRIC MACHINERY ENTERPRISES
                     OF PUERTO RICO, INC.,
                     Plaintiff, Appellant,

                               v.

                        FRAYA, S.E. AND
                   CONTINENTAL INSURANCE CO.,
                     Defendants, Appellees.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

      [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                     Lynch, Circuit Judge,

and DiClerico, Senior District Judge.

                     _____________________

    Jorge Bermdez-Torregrosa, with whom Cuevas Kuinlam & Bermdez
was on brief, for appellant.
    Ivette M. Berros-Hernndez, with whom Caparrs, Catal &
Berros was on brief, for appellee Continental Insurance Co.

                      ____________________

                         May 26, 1998
                      ____________________

         DICLERICO, District Judge.  This action arises from a
dispute between the plaintiff-appellant, Electric Machinery
Enterprises of Puerto Rico, Inc. ("EME"), and the defendant-
appellees, Fraya, S. E. ("Fraya") and Continental Insurance Company
("CIC"), concerning a construction project for the United States
Navy.  CIC filed a motion for summary judgment which the district
court granted before EME filed its response.  EME's request for
post-judgment relief was then denied.  Because EME appears to have
run afoul of a combination of factors, the most material of which
is an ambiguity in the Local Rules of the United States District
Court for the District of Puerto Rico ("Local Rules") as to what
date should have served as EME's deadline to respond, the court
vacates the district court's order granting summary judgment and
remands the matter to the district court so that it may reconsider
CIC's motion for summary judgment in light of EME's objection to
that motion.
Factual and Procedural Background
    EME worked as a subcontractor on a construction project
for the United States Navy on which Fraya was the general
contractor.  CIC was Fraya's surety.  EME brought this action under
the Miller Act, 40 U.S.C.  270(b), against Fraya and CIC when
Fraya failed to pay EME $74,831.22, plus interest, costs, and
attorney's fees, that EME alleges it is owed for work performed
under the subcontract.  Fraya brought a counterclaim against EME
for $248,234.59 in damages allegedly caused by EME's performance
under the subcontract.  CIC, on behalf of Fraya, contested
liability for the debt and alleged that EME had not complied with
the jurisdictional requirements of the Miller Act because it had
not filed its claim within one year of the date it last performed
on the subcontract.
    After several delays at the outset of the case, the
district court required CIC to file any summary judgment motions by
November 18, 1996.  On November 6, CIC sought an extension of time
in which to file for summary judgment until December 15, 1996,
which the court denied.  On November 18, CIC filed a timely motion
for summary judgment, alleging that EME's claim was filed outside
the one year statute of limitations.  In addition, it requested
that it be allowed to file several documents in Spanish in support
of its summary judgment motion.
    Local Rule 108.1, concerning translations, provides in
pertinent part as follows:
         All documents not in the English language
    which are presented to or filed in this Court,
    whether as evidence or otherwise, shall be
    accompanied at the time of presentation or
    filing by an English translation thereof,
    unless the Court shall otherwise order.

         Whenever a case is removed to this Court,
    there shall be filed with the record, an
    English translation of all papers. . . .  
    Unless such translation accompanies the
    record, the Clerk shall refuse to receive and
    file the record.

The court denied CIC's request to file documents in Spanish on
December 3 and ordered CIC to file certified translations of the
documents by December 9.  On December 6, EME received a copy of the
district court's December 3 order denying CIC's motion to file
documents in Spanish and ordering that the English translations be
filed by December 9.
    Local Rule 311.5, concerning responses to motions,
provides in pertinent part as follows:
         If the respondent opposes a motion, he or
    she shall file a response within ten (10) days
    after service of the motion, including brief
    and such supporting documents as are then
    available. . . .  For good cause appearing
    therefor, a respondent may be required to file
    a response and supporting documents, including
    brief, within such shorter period of time as
    the Court may specify, or may be given
    additional time to file a response as provided
    in subsection .6 of this Rule, including
    documents and brief.

Based on Local Rule 311.5, if CIC's filing were considered complete
on November 18 when it filed the motion for summary judgment, EME's
response would have been due on December 2.  On December 2, EME's
counsel drafted a request for an extension of time to reply to the
motion for summary judgment.  It was signed on December 3 but,
because of a clerical error at counsel's firm, it was not filed
until December 6.  Once filed, the motion was not docketed until
December 11.
    In the meantime, on December 11, without knowledge that
EME had filed a request for an extension of time to answer, the
district court granted CIC's motion for summary judgment.  It found
that CIC's unopposed request for summary judgment supported the
allegation that more than one year had passed between the time that
EME last performed under the subcontract and the time it filed the
action seeking to recover on the subcontract.   
    On December 16, having previously granted summary
judgment to CIC, the district court denied EME's request for an
extension of time to respond.  The district court ruled that EME
should have sought an extension of time before December 2, which it
viewed as the deadline for EME's response.  On December 17, EME
filed a motion for relief from judgment pursuant to Federal Rule of
Civil Procedure 60, claiming, inter alia, excusable neglect for its
failure to file its response or request for extension of time
within the deadline.  In an order filed February 10, 1997, the
district court denied the motion.
    EME then filed this timely appeal, contesting the
district court's grant of summary judgment and denial of post-
judgment relief.  EME asserts that, if allowed, it is able to file
an immediate response to the motion for summary judgment setting
forth a meritorious defense to the statute of limitations bar.
                          Discussion
    EME raises several contentions on appeal, but the court
need only consider in detail its assertion that the district court
erred in calculating the proper time period for EME to respond to
CIC's motion for summary judgment.  EME asserts that the ten-day
period within which it was required to reply to the motion for
summary judgment should have begun running, not on November 18 when
the motion for summary judgment was filed, but on December 9, the
date that CIC, in accordance with the court's order, filed its
certified translations of Spanish-language documents supporting the
motion for summary judgment.  The district court rejected EME's
argument, stating the following:
         Plaintiff also argues that [CIC's] motion
    for summary judgment was not complete until it
    filed certified translations of the documents
    in support thereof on December 9, and
    therefore plaintiff's motion requesting an
    extension of time was not tardy.  Although
    Local Rule 108.1 requires that any document
    filed with this Court in a language other than
    English be accompanied by a certified
    translation, it does not state -- nor does
    plaintiff point to any case law so holding --
    that a motion for summary judgment is not
    considered filed until such translations are
    provided.  More importantly, plaintiff does
    not suggest that failure to provide
    translations hindered its ability to oppose
    the motion for summary judgment.  Indeed, it
    cannot so suggest since the three untranslated
    exhibits were demand letters plaintiff's
    counsel had written on behalf of his client.  
    Plaintiff can hardly assert that it did not
    understand the nature of Continental's motion
    for summary judgment because of Continental's
    failure to translate the exhibits.  If such
    were the case, the Court might be more
    receptive to plaintiff's arguments.  Absent
    such a showing, plaintiff's arguments raise
    unimportant technicalities.  Clearly,
    plaintiff's attorney is bilingual and
    defendant's delay in providing the
    translations did not hinder his ability to
    oppose the motion for summary judgment.

Order of February 8, 1997, at 7-8.
    Although the district court concluded that EME's argument
amounted only to an "unimportant technicality," id., Local Rules
311.5 and 108.1 undoubtedly created an ambiguity as to the proper
date by which to respond to CIC's motion.  Rule 311.5 fixes a ten
day response time for motions.  Rule 108.1 provides that all
documents not in English "shall be accompanied at the time of
presentation or filing by an English translation thereof, unless
the Court shall otherwise order."  Although Rule 108.1 makes clear
the consequences of failure to file translations when a case is
removed, it is silent as to the effect that failure to file
translations has on other filings.  See Local Rule 108.1 ("Unless
. . . [a translation of documents in removed cases] accompanies the
record, the Clerk shall refuse to receive and file the record.").  
It is reasonable to infer, based on the Rule's construction, that
the district court has discretion to refuse to accept a motion when
the filer fails to include required translations of supporting
documents.  Local Rule 114, concerning penalties for failure to
comply with the provisions of the Local Rules, is also broad enough
to countenance such discretion.
    In this case, the district court neither refused to
accept CIC's filing in toto nor excused the requirements of Rule
108.1, both of which it could have done within the exercise of its
discretion.  Instead, it set a deadline for filing the translated
documents.  With a filing that could reasonably be seen as
incomplete, the applicable deadline for EME's response was
ambiguous under the Local Rules.  Under these circumstances, it was
not unreasonable for EME to conclude that, by granting CIC
additional time to comply with the requirements of Rule 108.1, the
district court would not consider CIC's initial filing complete
until CIC cured the initial defect in its filing by submitting the
required certified translations.
    As the First Circuit stated in a similar context:
         A district court possesses great leeway in
    the application and enforcement of its local
    rules.  This discretion, though broad, is not
    unbridled. . . .

         In making discretionary judgments, a
    district court abuses its discretion when a
    relevant factor deserving of significant
    weight is overlooked, or when an improper
    factor is accorded significant weight, or when
    the court considers the appropriate mix of
    factors, but commits a palpable error of
    judgment in calibrating the decisional scales.

United States v. Roberts, 978 F.2d 17, 20-21 (1st Cir. 1992)
(citations omitted).  In Roberts, the court overturned a district
court's grant of a motion to suppress evidence in a criminal trial
that the district court granted without consideration of the
government's response.  See id. at 18-19.  It did so in part
because "the interlocking rules that govern computation of time in
this situation are freighted with ambiguity."  Id. at 22.  In this
case, EME not only ran afoul of an ambiguity in the Local Rules
made manifest by CIC's failure to comply with the translation
requirement but also suffered from inadvertent delays both in its
counsel's filing and the district court's docketing of a request
for an extension of time in which to respond.  The court holds
that, under these circumstances, the district court should have
granted EME post-judgment relief when the confusion became
apparent.
                          Conclusion
    For the reasons stated above, the court vacates the
decision of the district court and remands the case for
reconsideration of CIC's motion for summary judgment in light of
EME's objection.  The court recommends that the District of Puerto
Rico reexamine and clarify its Local Rules to prevent recurrence of
this issue in the future.  Costs of the appeal are awarded to the
plaintiff.

</body>

</html>